IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>(1) $40,000 IN U.S. CURRENCY;<br>(2) $14,059 IN U.S. CURRENCY;<br>(3) $960 IN U.S. CURRENCY;<br>(4) $574 IN U.S. CURRENCY,<br><br>  Defendants.<br>                                                             / | No. C 06-03422 WHA<br><br>**ORDER GRANTING**<br>**GOVERNMENT'S MOTION**<br>**FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

In this civil *in rem* forfeiture proceeding, the government has moved for default judgment forfeiting the defendants currency to the United States pursuant to 21 U.S.C. 881(a)(6). This order **GRANTS** the government's motion.

**STATEMENT**

Defendants currency were seized in connection with the arrest of Bruce Richard Choder ("Choder") for the sale of marijuana. On December 9, 2005, the DEA, the Mendocino County Sheriff's Office and the Mendocino Major Crimes Task Force organized an operation for the purchase of one hundred pounds of marijuana from a Patrick Marvin. Officers arrested Choder, Marvin and another man, Ehren Olson, that day in connection with the operation.

1 When he was arrested, Choder had $960 in his pants pocket as well as a set of keys.
2 Federal agents seized these from him following his arrest. Marvin subsequently turned on
3 Choder and informed the federal agents that Choder had been the source of sale on the one
4 hundred pounds of marijuana. Marvin led agents to a large warehouse building at 30 Sheridan
5 Street in San Francisco where agents then made contact with Dan Choder, Choder's son.
6 Dan told the federal agents that his father occasionally lived at the address. While standing
7 outside the building, the agents detected the odor of marijuana. Federal agents obtained and
8 executed a search warrant for 30 Sheridan Street. The agents discovered, among other things,
9 74 pounds of processed marijuana bud, and 367 live marijuana plants. They also found the
10 currency at issue in this action — defendant $40,000 in currency, defendant $14,059 in
11 currency, and defendant $574 in currency. Defendant $40,000 was found in a vacuum-sealed
12 plastic bag in a safe, made up of eighteen $50 bills and 391 $100 bills. In a filing cabinet,
13 federal agents found defendant $14,059 and loose marijuana; the $14,059 came in four $1 bills,
14 47 $5 bills, 76 $10 bills, 398 $20 bills, four $50 bills and 49 $100 bills. Seized from a desk
15 drawer also containing loose marijuana was defendant $574. The keys federal agents seized
16 from Choder at the time of his arrest fit both the front door to the building at 30 Sheridan Street
17 and the door to the rooms containing marijuana (Compl. ¶ 8–12).

18 The government asserts that *in rem* defendants currency are subject to forfeiture as
19 proceeds derived from a narcotics exchange or funds intended to be used in exchange for
20 narcotics. 21 U.S.C. 881(a)(6). Any property subject to civil forfeiture may be seized and
21 forfeited under the Supplemental Rules of Certain Admiralty and Maritime Claims and, thereby,
22 the Admiralty Local Rules. 21 U.S.C. 881(b).

**ANALYSIS**

24 A seizure under Section 881 must be performed in compliance with Section 981(b).
25 21 U.S.C. 881(b). Seizure may be made without a warrant if it is done in compliance with the
26 local admiralty rules, and there is probable cause for the government's belief that the funds had
27 a substantial connection with criminal activity. 21 U.S.C. 981(b)(2). Additionally, the seizure
28 must be made either pursuant to a lawful arrest or search, under an exception to the

2

Fourth Amendment warrant requirement, or pursuant to a lawful seizure by state or local law enforcement. *Id*. Because the government only asserts that it had a search warrant for 30 Sheridan Street and does not state that a warrant was obtained for the seizure as outlined in Section 981(b), this order must evaluate whether this seizure is proper. If the requirements listed above are met, the seizure can be considered lawful.

This order will first determine whether the seizure complied with the local admiralty rules. Then, it will discuss whether there was probable cause for its belief that there is a substantial connection between the property seized and criminal activity.

**1.     THE GOVERNMENT HAS COMPLIED WITH LOCAL ADMIRALTY RULES.**

Under FRCP 55(b)(2), a party can apply to a court for entry of judgment by default. In this district, Admiralty Local Rule 6-2 provides that default judgment in an *in rem* action may be entered under FRCP 55(b) any time after default has been entered. Default was entered in this case on August 21, 2006. Accordingly, this order will evaluate whether the government has satisfied the notice requirements of Admiralty Local Rule 6-1(a) it must satisfy when seeking a default judgment. This section requires that due notice of the action and arrest of the property has been given:

1. By publication as required in FRCP Supp C(4);
2. By service upon the master or other person having custody of the property; and
3. By service under FRCP 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Here, the government has satisfied its burden under Admiralty Local Rule 6-1(a).

*First*, the government has published notices of the present action in *The Recorder*, a daily legal newspaper of general circulation in this district, on June 12, 19, and 26, 2006. It appears the government also published notices of the action in the *Ukiah Daily Journal*, a newspaper of general circulation, but the government's proof of publication is missing part of the left-hand of the page. It appears that publication occurred on June 12, 19, and 26, 2006.

3

*Second*, the next two factors are considered together because the underlying facts are intertwined. Service is complete when a copy is mailed to a party's last known address. FRCP 5(b)(2)(B). It is reasonable to assume that Choder was the party in custody of the defendants currency found at the building and that he is the one with a known interest in the property. Choder was in possession of the keys to 30 Sheridan Street *and* the keys to the rooms storing marijuana. Furthermore, Choder's son stated that his father stayed at the address. The complaint, the notice of forfeiture action, the warrant of arrest of the *in rem* property, the motion for entry of default by the clerk, and this motion for default judgment were served by certified mail to Choder at his last three known addresses and served on his attorney, Randall E. Daar (Certificates of Service filed May 31, 2006, August 18, 2006, and August 21, 2006). By serving Choder and his attorney, the government satisfied its burden under Local Admiralty Rule 6-1(a)(2) and 6-1(a)(3).

While default judgment could be entered on this basis alone, it is important to note that the statutory time for a claimant to make an appearance has expired. Any person claiming an interest in the seized property can contest forfeiture by filing a claim asserting such an interest in the property after *the earlier of* either thirty days after service of the complaint or thirty days after the last day of publication of notice of filing the complaint. 18 U.S.C. 983(a)(4)(A); Fed. R. Civ. P. Supp. Adm. R. C(6)(a)(i)(A). Thereafter, the claimant who filed an a claim must file an answer within twenty days after filing the statement. 18 U.S.C. 983(a)(4)(B); Fed. R. Civ. P. Supp. Adm. R. C(6)(a)(iii).[1]

On May 25, 2006, the government filed its verified complaint for forfeiture. Under the statute, anyone who has an interest in the seized property must file a claim by June 24, 2006. As of November 2, 2006, no statements or appearances have been made in this action. While the Court respects Mr. Choder's attempt to reclaim this property with an administrative DEA claim, he must follow the rules in this civil *in rem* proceeding and make an appearance in

---

[1] Section 983(a)(4)(A) states that an interest can be claimed either thirty days after the date of service or, as applicable, after the date of publication. The date of publication is not applicable because the Supplemental Rules mandate that a claim must be made by the earlier of those two dates.

4

this action by claiming an interest in defendants currency.  The statutory allotted time to file a claim has expired.  Time to answer has expired.  Hence, any potential claimant has failed to prosecute his or her case.

In addition, service and notice of this action were proper and adequate.  As such, default is unlikely due to excusable neglect.  The amount of damages is not at issue in this action.

### 2. THE GOVERNMENT HAS PROVEN PROBABLE CAUSE FOR THE FORFEITURE OF DEFENDANTS CURRENCY.

Before forfeiture can be granted, the government must show probable cause for its belief that there is a substantial connection between the property to be forfeited and the criminal activity.  19 U.S.C. 1615; *United States v. Padilla*, 888 F.2d 642, 643 (9th. Cir. 1989).  A showing of probable cause is also required by 21 U.S.C. 981(b)(2)(B).  Probable cause is based upon an aggregate of facts in a given situation and may be established by circumstantial evidence or even inadmissible evidence.  *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 872 (9th Cir. 2001).

Facts sufficient to establish probable cause have included:  recovery of large amounts of currency not bound by standard bank currency straps, *United States v. $129,727.00 United States Currency*, 129 F.3d 486 (9th Cir. 1997); possession of a large amount of currency, *Padilla*, 888 F.2d at 644; and small denominations of bills, *United States v. Sixty-Eight Thousand Five Hundred Eighty Dollars ($68,580.00) in United States Currency*, 815 F. Supp. 1479, 1483 (D. Ga. 1993).

Defendant $960 was seized from Choder's person following his arrest.  It was seized along with $22,944 found in his backpack.  This large sum of currency is sufficient to establish probable cause for the $960 because it is reasonable to conclude the money had a substantial connection with criminal activity.  Additionally, the money was seized following a buy/bust drug operation.[2]

The remaining defendants currency were found in a building where marijuana was processed.  This is compelling evidence that there is a strong connection between the

---

[2] The $22,944 found in Choder's backpack was seized administratively by the DEA.

5

defendants currency and the illegal activity outlined in 21 U.S.C. 881(a)(6). Furthermore, there were large amounts of currency found which also supports a finding of probable cause. The small denominations of some of the bills is strong evidence that there was probable cause for the forfeiture.

In conclusion, the government has shown probable cause for the forfeiture of the money under 21 U.S.C. 881(a)(6). Had a claimant made an appearance in this case, the burden would then shift to the claimant to show that the money did have legitimate origins or a legitimate objective. It is precisely because no appearance has been made in this case that the government moves for default judgment.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The government's motion for default judgment is **GRANTED**. In so doing, the Court finds that probable cause existed for the seizure and the forfeiture of the defendants currency as alleged in the complaint.

2. The defendants currency shall be and are hereby condemned and forfeited to the United States, pursuant to 21 U.S.C. 881(a)(6). All right, title and interest in said currency is vested in the United States of America.

**IT IS SO ORDERED.**

Dated: November 2, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE